UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED _____
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK. _____
DATE _____

FRANCIS E. DYBES, AND OTHERS )
SIMILARLY SITUATED, )
 )
  Plaintiffs )
 )
 v. ) C.A. FILE NO._____
 )
DELTA ELEVATOR SERVICE )
CORPORATION d/b/a )
DELTA/BECKWITH ELEVATOR )
COMPANY )
 )     04 CV 10076 MLW
 )
  Defendants )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Delta Elevator Service Corporation d/b/a/ Delta/Beckwith Elevator Company (hereinafter referred to as the "Defendant") files this Notice of Removal. As grounds for removal, Defendant submits that:

1.  Defendant is a defendant in a civil action entitled FRANCIS E. DYBES AND OTHERS SIMILARLY SITUATED V. DELTA ELEVATOR SERVICE CORPORATION d/b/a DELTA/BECKWITH ELEVATOR COMPANY, filed in Suffolk County District Court Department of the Trial Court, Roxbury Division, C.A. No. 03 02 CV 0550.

2.  On December 23, 2003, Defendant's registered agent was served with a copy of the Summons and Complaint. A copy of these papers is attached as Exhibit A.

3.  Plaintiffs' Complaint purports to assert claims under Massachusetts payment of wages statute, Mass. G. L. ch. 149, § 148 for pay for the Columbus Day holiday in 2003. Complaint §§ 1, 7-8.

DOWNS
RACHLIN
MARTIN PLLC

4. Plaintiff's collective bargaining representative is the International Union of Elevator Constructors, Local 4, AFL-CIO ("Union"), which is a labor organization within the meaning of section 2(5) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 152(5). Complaint ¶ 6.

5. Defendant is an employer within the meaning of section 2(2) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 152(2).

6. Pursuant to the collective bargaining agreement between Defendant and the Union, there was an arbitration hearing regarding a dispute whether Defendant was obligated to pay certain employees for the Columbus Day holiday in 2002; the Arbitrator's Award held that, pursuant to past practice, certain employees were entitled to pay for Columbus Day in 2002. Complaint ¶ 6; Award of Arbitrator, attached as Exhibit B.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 185(a) because Plaintiff's claim is a suit for violation of a collective bargaining agreement between an employer and a labor organization representing employees in an industry affecting commerce, as defined in the Labor Management Relations Act, 29 U.S.C. § 141 *et seq.*

8. A complaint that is "artfully pleaded" to avoid federal jurisdiction may be recharacterized as one arising under federal law. See BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers, 132 F.3d 824, 831 (1st Cir. 1997) ("the artful pleading doctrine permits a district court to recharacterize a putative state-law claim as a federal claim when a review of the complaint, taken in context, reveals a colorable federal question within a field in which state law is completely preempted"); Giannetti v. Mahoney, 218 F. Supp. 2d 8, 11 (D. Mass. 2002) (quoting BIW Deceived).

9.  No other process, pleadings or orders have been served on Defendant to date in the above-captioned case. This petition for removal is being filed within 30 days of Defendant's receipt of initial notice of this action, as required by 28 U.S.C. § 1446.

10. A true copy of this notice will be filed with the Clerk of the District Court Department of the Trial Court, Roxbury Division, as required by law.

WHEREFORE, Defendant respectfully request that this action be removed to the United States District Court for the District of Massachusetts.

Burlington, Vermont.                          January 12, 2004

*Patricia M. Sabalis*
Patricia M. Sabalis
BBO # 436730
Downs Rachlin Martin PLLC
199 Main Street, P.O. Box 190
Burlington, VT  05402-0190
(802) 863-2375

BTV.257770.1

DOWNS
RACHLIN
MARTIN PLLC

3