UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRANCIS E. DYBES, AND OTHERS SIMILARLY SITUATED, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | C.A. FILE NO. 04 CV 10076 MLW |
| DELTA ELEVATOR SERVICE CORPORATION d/b/a DELTA/BECKWITH ELEVATOR COMPANY, Defendants. | ) ) ) ) ) ) | |

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant Delta Elevator Service Corporation d/b/a/ Delta/Beckwith Elevator Company ("Defendant" or the "Company") replies to Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opposition"). Although Plaintiff argues that his claim is not preempted because (1) his claim for holiday pay arises out of an individual agreement between him and Defendant and (2) resolution of his claim does not require interpretation of the collective-bargaining agreement, there is no question that the wage payment claim asserted in this case is the same claim that the Union asserted on behalf of Plaintiff in the November 2002 Unfair Labor Practice Charge and the prior grievance. Thus, the Court should dismiss the Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Procedure.

DOWNS
RACHLIN
MARTIN PLLC

<u>MEMORANDUM OF LAW</u>

<u>Plaintiff's Claim Is Preempted By The Labor Management Relations Act Both Because It Is Based On A Claim Of Rights Under A Collective-bargaining Agreement and Because It Alleges Conduct That Is Prohibited As An Unfair Labor Practice.</u>

A.     **Plaintiff's Claim Is Based On A Claim Of Rights Under A Collective-bargaining Agreement**

      1.     Entitlement to Holiday Pay Requires Interpretation of the Collective-bargaining Agreement and Past Practice.

As an initial matter, Plaintiff claims that an "undisputed and material" fact is that "the collective-bargaining agreement does not need to be interpreted to ascertain Plaintiff's rights to pay for Columbus Day pay. The collective-bargaining agreement has already been interpreted and an arbitrator has finally determined that Delta did not have the right to stop paying Columbus Day in 2002." Opposition at 2. The question in the instant case is whether Plaintiff is entitled to Columbus Day pay in 2003, not in 2002. Thus, any determination regarding entitlement to holiday pay in 2002 is not determinative to the pending question. Further, Plaintiff concedes that entitlement to holiday pay in 2002 required interpretation of the collective-bargaining agreement. Plaintiff has not explained why it is now unnecessary to interpret the collective-bargaining agreement, which has a term from July 9, 2002 through July 8, 2007 encompassing both Columbus Day in 2002 and 2003, to determine whether Plaintiff is entitled to Columbus Day pay in 2003.[1] Clearly, interpretation of the collective-bargaining agreement is necessary.[2]

---

[1]     If Plaintiff believes that the prior arbitration settled the instant question, the appropriate action would have been to seek to enforce the arbitration award. Plaintiff did not follow that path because the Award of Arbitrator clearly referred only to Columbus Day 2002.

[2]     When the NLRB Acting Regional Director deferred the November 2002 unfair labor practice charge, his reason was that the dispute "arises from the contract between the parties." Kelly Affidavit, Ex.B, attached to Plaintiff's Opposition.

DOWNS
RACHLIN
MARTIN PLLC

When the Arbitrator determined that Plaintiff should have received pay for Columbus Day in 2002 and required the Company to make Plaintiff whole, he had to decide that the entitlement to pay arose from the collective-bargaining agreement because the Arbitrator has no authority "to add to, subtract from or modify in any way the provisions of this Agreement." Master Company Agreement with International Union of Elevator Constructors ("Master Agreement"), Article XV, para.7, p.38 (attached to Motion to Dismiss as Ex. A). Indeed, the Award of Arbitrator was consistent with the arguments made in the brief filed by the Union following the arbitration hearing. (Copy of Union's Brief is attached to Affidavit of Timothy E. Copeland at tab 2).[3]

In its Brief, the Union took the position that "while the International and Local 4 may have permitted the companies to deal directly with employees in the initial decision to pay the additional benefits, **they have consistently taken the position that the companies may not reduce or eliminate the payments without first bargaining**." Union Brief at 10-11 (emphasis added). Further, the Union argued that "[t]he company's unilateral action in eliminating the Columbus Day holiday benefit violated an established past practice which over the years had become an **enforceable part of the parties collective-bargaining relationship**." *Id.* at 13 (emphasis added). Citing the major treatise on arbitration, the Union posited

> It is now beyond question that past practice may be held enforceable through arbitration as being part of the parties' whole agreement. Elkouri and Elkouri, *How Arbitration Works*, Fifth Ed. P. 630. According to the Elkouris, this is particularly true in the case of a practice that involves a "benefit" to employees. Ibid. p. 636. That reasoning clearly would apply to the case of payment for a holiday. And even if the practice was "unilaterally" established, without participation of the union, it may still be enforceable.

*Id.*

---

[3]    Affidavit of Timothy E. Copeland is attached as Exhibit A to this Reply Brief.

DOWNS
RACHLIN
MARTIN PLLC

The Arbitrator adopted this reasoning in part and held that the "longstanding benefit" of holiday pay for Columbus Day in 2002 to some employees "became a term and condition of their employment even though it was not rooted in contract negotiations between Local 4 and their employers." Award at 10-11 (attached to Motion to Dismiss as Ex. C). Thus, the Arbitrator found that Defendant "violated a longstanding past practice when it failed to allow some IUEC Local 4 members holiday pay for Columbus Day in 2002." *Id.* at 12.

The Arbitrator next considered the Company's argument that, even if there were a past practice, a May 30, 2002 letter that the Company sent to the IUEC General President put the Union on notice that the Company intended to discontinue payment of additional holidays in the new national agreement. The Arbitrator rejected that argument on the grounds that the Union General President was not aware of the letter until well after the disagreement arose regarding the 2002 Columbus Day holiday, and that notice should have been sent to Local 4. Award at 11-12. As a result, the Arbitrator ordered Defendant to make whole "the employees who previously had been paid for this holiday pursuant to the longstanding past practice." *Id.* at 12-13.

Among the questions that a tribunal will have to consider to resolve the pending question regarding Plaintiff's entitlement to pay for Columbus Day 2003 is whether Local 4 received notice and whether it waived its right to negotiate with Defendant. To do this, the tribunal will have to interpret the collective-bargaining agreement in place of the arbitrator. Since resolution of Plaintiff's state law claim substantially depends upon "analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim . . . or dismissed as pre-empted by federal labor-contract law." *Allis Chalmers Corp. v. Lueck,* 471 U.S. 202, 220 (1985).

2.    *Caterpillar v. Williams* is Inapposite

Plaintiff relies on *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987) for the proposition that section 301 does not preempt claims based on individual contracts. The *Caterpillar* case is easily distinguished. In *Caterpillar*, the plaintiffs had worked at Caterpillar as managers or salaried employees outside the coverage of any collective-bargaining agreement. While they were managers, Caterpillar gave them oral and written representations that they could look forward to indefinite and lasting employment. When they were downgraded to hourly positions covered by a collective-bargaining agreement, Caterpillar supervisors assured them that the downgrades were temporary. Caterpillar ultimately laid the plaintiffs off, and the plaintiffs filed an action based on California law, alleging breach of the employment agreements made with them when they were managers, not covered by any union contract.

In the instant case, Plaintiff does not allege that he and the Company entered into an agreement when the terms and conditions of his employment were not covered by a collective-bargaining agreement. As the Union argued on Plaintiff's behalf in the arbitration proceeding, his entitlement to Columbus Day pay, if any, would arise from a past practice which became part of the parties' whole agreement. Union Brief at 13, citing Elkouri and Elkouri, *supra*. Since resolution of Plaintiff's state law claim requires analysis of the Master Agreement and any Local 4 Agreement and the past practice that may become part of those agreements, Plaintiff's claim is preempted, and should be dismissed.

DOWNS
RACHLIN
MARTIN PLLC

5

**B.    Plaintiff's Claim Alleges Conduct That Is Prohibited As An Unfair Labor Practice**

Plaintiff argues that there is no preemption under *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 243-45 (1959) because the NLRB deferred to arbitration under the *Collyer* doctrine. The NLRB's deferral, however, is not an abdication of jurisdiction over the dispute regarding holiday pay. On the contrary, as the NLRB's *Collyer* letter to Paul Kelly makes clear, the NLRB <u>retained</u> jurisdiction over the dispute, and the Charging Party could obtain NLRB review of any arbitrator's award to determine, among other things, "whether the unfair labor practice issues which gave rise to the charge were considered and decided by the arbitrator, and whether the award is consistent with the purposes and policies of the Labor Management Relations Act." (NLRB letter attached to Plaintiff's Opposition as Ex. B). Thus, it is clear that the NLRB has jurisdiction over any dispute.

"There can be no question that the [wage payment] claims asserted in this case are the Union's LMRA claim in disguise. The complaint here presents contentions pertaining to conduct of the defendant arguably prohibited by the LMRA: . . . the reduction of employee benefits. All of these concern [defendant's] bargaining obligation." *Teamsters, Chauffeurs, Warehousemen and Helpers Local Union 49 v. West Coast Industrial Relations Association, Inc.*, 1989 U.S. Dist. LEXIS 3119, *5-6 (D. Mass. 1989). Plaintiff's wage payment claim is the same claim that his Union correctly characterized as a possible unfair labor practice in November 2002. No recharacterization of the claim can change that fact.

Since Plaintiff alleges that Defendant engaged in activity that is prohibited as an unfair labor practice, and within the purview of Section 8 of the LMRA, Plaintiff's claim is preempted by the LMRA and the Court should dismiss the Complaint because it lacks jurisdiction.

DOWNS
RACHLIN
MARTIN PLLC

6

**Request for Oral Argument**

Plaintiff has requested oral argument. If the Court determines that a hearing is necessary, Defendant respectfully requests that the Court not schedule a hearing during the period February 27 through March 15 because undersigned counsel has scheduled (and paid for) a vacation abroad during that time.

WHEREFORE, Defendant respectfully request that this Court dismiss Plaintiff's Complaint in its entirety.

Burlington, Vermont.                                            March 1, 2004

                                    _____
                                    Patricia M. Sabalis
                                    BBO # 436730
                                    Downs Rachlin Martin PLLC
                                    199 Main Street, P.O. Box 190
                                    Burlington, VT 05402-0190
                                    (802) 863-2375

                                    Attorneys for Delta Elevator Service
                                    Corporation d/b/a/ Delta/Beckwith Elevator
                                    Company

BTV.257716.3