UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHU.S.ETTS

|  |  |
|---|---|
| FRANCIS E. DYBES, AND ) <br> OTHERS SIMILARLY SITUATED, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DELTA ELEVATOR SERVICE ) <br> CORPORATION d/b/a ) <br> DELTA/BECKWITH ELEVATOR ) <br> COMPANY, ) <br> ) <br> Defendant. ) | C.A. No. 04 CV 10076 MLW |

### PLAINTIFF'S SUPPLEMENTAL MEMORANDUM REGARDING THE COURT'S SUBJECT MATTER JURISDICTION

**INTRODUCTION**

By order dated August 30, 2004, the Court requested that the parties file supplemental memoranda addressing the issue of whether, if it finds plaintiff's cause of action is not preempted, the Court has subject matter jurisdiction in this case under the well-pleaded complaint rule. The Court does not have subject matter jurisdiction in this case because plaintiff's Complaint, on its face, presents no federal claim or issue. Pursuant to 28 U.S.C. § 1447(c), the case should be remanded to Roxbury District Court. Plaintiff notes that the order remanding the case may require defendant to pay plaintiff's costs and expenses incurred as a result of defendant's removal, including his attorney fees, as is allowed by 28 U.S.C. § 1447(c).

## STATEMENT OF THE CASE

On December 22, 2003, Plaintiff filed a Complaint in Roxbury District Court alleging defendant had violated a Massachusetts statute that permits employees to recover multiple damages and attorneys fees if their employer fails to pay them wages, including holiday pay. G.L. c. 149 §§ 148, 150. In his Complaint plaintiff Francis Dybes alleges that a dispute over his right to holiday pay for Columbus Day in 2002 was resolved in his favor pursuant to an Arbitrator's Award between Local 4 of the International Union of Elevator Constructors and his employer Delta Beckwith. Complaint at ¶6. The importance of the Arbitration Award (and the allegation of the Award in ¶6 of the Complaint) makes clear that Dybes' Union represented him even though his claim to holiday pay arose from an individual promise and not from the collective bargaining agreement. That same Arbitration Award makes clear that neither the court nor the parties must now interpret the collective bargaining agreement in order to determine that Dybes is entitled to holiday pay for Columbus Day 2003.[1].

Defendant removed the case to federal court on January 12, 2004 alleging federal jurisdiction (under §301 of the Labor Management Relations Act) because "[p]laintiff's claim is a suit for violation of a collective bargaining agreement". Notice of Removal at ¶ 7. Alleging that plaintiff had "artfully pleaded" his case to avoid federal jurisdiction, defendant asks the court to recharacterize plaintiff's claim

---

[1] Defendant's claim that plaintiff's claim is a § 301 claim in disguise rings hollow because last year, when defendant initially determined not to honor the individual promises made to Dybes and 21 other employees, Dybes' Union pursued the claim under the collective bargaining agreement. The Arbitrator made clear that the promises were extra-contractual (in the § 301 sense) and that they were enforceable. See O'Brien Award at 10-11 attached to the Brink Declaration as Exhibit C. Defendant's underlying contention (i.e., if a claim might be a § 301, it must be a § 301 claim) does not find support in the law.

2

to find a colorable federal claim. Separately, defendant moved to dismiss plaintiff's case on the grounds that plaintiff's claim is pre-empted either by § 301, LMRA (§ 301 preemption) or by <u>San Diego Building Trades v. Garmon</u>, 359 U.S. 236 (1959) (NLRA preemption).

On January 28, 2004, plaintiff filed an Opposition to defendant's Motion to Dismiss, stating that defendant's motion should fail for three reasons: 1) plaintiff's claim for holiday pay arises out of an individual agreement between him and Defendant; 2) resolution of plaintiff's claim does not require interpretation of the collective bargaining agreement; 3) NLRA pre-emption does not apply to this cause of action.

Now, pursuant to the Court's August 30, 2004, order, and for the reasons that follow, plaintiff argues that this Court lacks subject matter jurisdiction in this case. An order should issue remanding the case to Roxbury District Court and requiring that defendant pay the costs and expenses the plaintiff has incurred as a result of defendant's improper removal.

**ARGUMENT**

    **I.**    **The Court does not have subject matter jurisdiction in the instant case.**

Plaintiff Dybes' Complaint presents a garden-variety state law claim for holiday pay due but unpaid. Defendant Delta/Beckwith's defense, that plaintiff's claim is pre-empted either by § 301 or by <u>Garmon</u>, or NLRA, preemption, does not confer jurisdiction on this Court. The well-pleaded complaint rule requires that a federal claim or issue appear "on the face" of a properly pleaded complaint, "so that federal jurisdiction is absent where the federal issue would arise only as a defense to a

3

state cause of action." Penobscot Nation v. Georgia Pacific Corp., 254 F.3d 317, 321 (1st Cir. 2001) (calling well pleaded complaint rule "an overriding requirement" "[i]n all events"). *See also* East Coast Steel Erectors v. Iron Workers, Local 7, 1990 WL 85505, at *2 (D.Mass. 1990) ("[A] case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.") (emphasis in original) (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987)).

Plaintiff's Complaint states no federal claim. Nor, on its face, does it present to the Court a federal issue. The parties have obtained a final and binding determination of the meaning of the collective bargaining agreement and Delta/Beckwith's failure to pay Columbus Day was found in violation of that agreement. The purpose of § 301 pre-emption (uniform interpretation of collective bargaining agreements) was achieved last year when the same dispute was resolved. It is unnecessary to construe the collective bargaining agreement to resolve plaintiff's state law claim. The agreement has been construed definitively and finally.

Defendant removed the action to Federal Court on the strength of BIW Deceived v. Local S6 Industrial Union of Marine Workers, 132 F.3d 824 (1st Cir. 1997). In BIW Deceived the court considered an appeal from a denial of a Motion to Remand. Plaintiffs alleged that the Defendant Union had fraudulently misrepresented the terms of an offer of employment at Bath Iron Works. Even though the Plaintiffs sought to characterize their claims as state law tort claims the First Circuit recognized that "the Union plainly acted in a representational capacity during the recruitment

4

process" and that Plaintiffs' claims "when recharacterized, sufficiently resemble a DFR [duty of fair representation] claim to pass the colorability test and thus support the exercise of federal question jurisdiction." 132 F.3d at 833. Nevertheless the Court went on to qualify its holding:

> "Let us be perfectly clear. Because of the nearly empty record, we cannot say with certitude whether we would find ultimately that federal preemption applies in the instant case."

In two respects Dybes' Complaint differs from the <u>BIW Deceived</u> Complaint. First the employer, not the Union is the Defendant. As a consequence the duty of fair representation (the basis for federal jurisdiction in <u>BIW Deceived</u>) is not implicated in this case. Secondly, unlike <u>BIW Deceived</u> where the Court found that the Union's duty to the Plaintiffs arose out of the collective bargaining agreement, Dybes' claim is that the Company made an individual promise to him over and above the promises contained in the collective bargaining agreement.

Defendant also relies on <u>Giannetti v. Mahoney</u>, 218 F. Supp. 2d 8 (D. Mass. 2002). There, Defendant removed based on ERISA preemption. Nevertheless, the court allowed the Motion to Remand.[2]

The removal principles that govern this action are well settled. Section 301 of the Labor Management Relations Act confers jurisdiction on federal courts in "suits for violation of contracts between an employer and a labor organization". 29 U.S.C. §185. Federal law requires uniformity in the enforcement of collective bargaining agreements and Section 301 authorizes federal courts to fashion that body of law.

---

[2] Defendant cites <u>Giannetti</u> for the proposition that it should have the benefit of the "artful pleading" exception to the "well-pleaded complaint" rule. Dybes, as his Complaint demonstrates, made a conscious choice to pursue a statutory claim. He didn't artfully hide the federal claim. He simply chose the statutory remedy.

5

Textile Workers v. Lincoln Mills, 353 U.S. 448 (1957). State courts however, have jurisdiction over Section 301 claims. Charles Dowd Box Co. v. Courtney, 368 U.S. 502 (1962). Both state courts and federal courts must apply federal law to Section 301 claims. Teamsters v. Lucas Flour, 369 U.S. 95 (1962).

In 1987 the Supreme Court considered a claim by employees who were covered by a collective bargaining agreement that the employer had violated individual employment contracts. *See* Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987). Defendant Caterpillar had removed the claims from state court on the basis of Section 301 preemption. The district court accepted jurisdiction and denied the Motion to Remand. The Ninth Circuit reversed on the ground that the case had been improperly removed. The principles set forth by the Supreme Court in Caterpillar govern the disposition of this case.

The first rule cited by the Caterpillar Court was the "well-pleaded complaint rule". "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule', which provides that federal jurisdiction exists only when a federal question is presented on the face of Plaintiff's properly pleaded complaint... the rule makes the Plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." 482 U.S. at 392 (citing The Fair v. Kohler Dye and Specialty Co., 228 U.S. 22 (1913) ("of course, the party who brings a suit is master to decide what law he will rely upon") (Holmes, J.)).

A corollary to the well-pleaded complaint rule is the "complete preemption" doctrine. *See* Metropolitan Life Insurance v. Taylor, 481 U.S. 58 (1987) (ERISA completely preempts state contract and tort claims). Section 301, LMRA completely

6

pre-empts a state law claim only if the resolution of the state law claim depends upon the meaning of the collective bargaining agreement. *See* Alfaro v Crowley Liner Services, 294 F.Supp.2d 143, 145 (D. Puerto Rico 2003) (citing Lingle v. Norge div. of Magic Chef, 486 U.S. 399 (1988)).

In Caterpillar, as here, Defendant claimed that Plaintiffs "state-law contract claims are in reality completely-preempted Section 301 claims, which therefore arise under federal law." 482 U.S. at 394. The Supreme Court disagreed with Caterpillar's argument and stated the following:

> Section 301 governs claims founded directly on rights created by collective bargaining agreements, and also claims substantially dependant on an analysis of a collective bargaining agreement...Section 301 says nothing about the content or validity of individual employment contracts. It is true that respondents, bargaining unit members at the time of the plant closing, possess substantial rights under the collective agreement, <u>and could have brought suit under Section 301</u>. As masters of the complaint, however, they chose not to do so.

482 U.S. 394-95 (emphasis supplied).

> [T]hus, individual employment contracts are not inevitably superseded by any subsequent collective agreement covering an individual employee, and claims based upon them may arise under state law. Caterpillar's basic error is its failure to recognize that a Plaintiff covered by a collective-bargaining agreement is permitted to assert legal rights *independent* of that agreement including state law contract rights so long as the contract relied upon is not a collective-bargaining agreement.

483 U.S. at 396. The court went on to state that the "artful pleading" doctrine "cannot be invoked in such circumstances". 482 U.S. at 397.

Finally the court made clear that "a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the

claim should be litigated. If a defendant could do so, the plaintiff would be master of nothing." 482 U.S. at 399.

The following the year the court decided <u>Lingle v. Norge Division of Magic Chef</u>, 486 U.S. 399 (1988).[3] Not surprisingly one of the reasons that the plaintiff in <u>Lingle</u> chose to purse a parallel claim in state court was that the state statute permitted recovery of punitive damages, a remedy not available under the collective bargaining agreement. *See* <u>Lingle v. Norge</u>, 618 F.Supp. 1448, 1449 (D. Ill. 1985)("Recovery of punitive damages is also a possibility where plaintiff brings an action for retaliatory discharge"). The argument that damages beyond what the collective bargaining agreement authorized should not be recoverable persuaded the district court, <u>id</u> and the Court of Appeals. The Supreme Court unanimously disagreed.[4]

Plaintiff Dybes has selected a statutory remedy because the Commonwealth of Massachusetts imposes multiple damages and attorneys fees on any employer who fails to comply with its obligations under the state wage statutes. Delta/Beckwith responds that holiday pay is a mandatory subject of bargaining and therefore the

---

[3] In <u>Lingle</u> the Court confronted the claim of a union represented employee who maintained parallel claims: one under the collective bargaining agreement for unjust discharge and another under a state statute prohibiting discharge for exercising rights under the workers compensation statute. Precisely the same facts were at issue in each case. The plaintiff's state-law retaliatory discharge claim was not pre-empted. The Court summarized its holding as follows:

> "In sum, we hold that an application of state-law is preempted by Section 301 of the Labor Management Relations Act of 1947 only if such application requires the interpretation of a collective bargaining agreement." 486 U.S. at 413

Significantly the court noted that a collective bargaining agreement "may, of course contain information such as rate of pay and other economic benefits that might be helpful in determining the damages to which a worker prevailing in a state-law suit is entitled....Although federal law would govern the interpretation of the agreement to determine the proper damages, the underlying state-law claim, not otherwise pre-empted, would stand." 486 U.S. at 413 n. 12.

[4] The Court commenced its opinion as follows: "In Illinois an employee who is discharged for filing a worker's compensation claim may recover compensatory and punitive damages from her employer. . . . The Court of Appeals held that the application of state tort law was pre-empted by § 301. . . . We disagree". 486 U.S. at 401.

8

claim must be pre-empted. Just cause discharge was a mandatory subject of bargaining in Lingle, supra. Layoff protection was a mandatory subject of bargaining in Caterpillar, supra. *See also* Trans Penn Wax Corporation v. McCandless, 50 F.3d 217, 230 (3rd Cir. 1995) (rejecting employer's pre-emption argument that "job security in the face of layoffs or discharge –is a mandatory subject of collective bargaining"); Alexander v. UDV North America, Inc., 78 F.Supp.2d 614 (E.D. Mich. 1999); McDaniel v. General Motors Corporation, 765 F.Supp. 407 (W.D. Mich. 1991).

If the Court finds, as plaintiff has argued here, that it lacks jurisdiction over this matter, it must remand the case. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Section 1447(c) also provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Id.

Because defendant's removal was plainly improper under the requirements of the well pleaded complaint rule, plaintiff requests that this Court's order of remand, should one issue, include a requirement that defendant pay plaintiff's costs and expenses. The question of whether an order for costs and attorney fees should accompany an order of remand is left to the court's discretion. *See* Karpowicz v. Blue Cross and Blue Shield, 1996 WL 528372, at *7 (D. Mass.). Central to the determination is the propriety of the defendant's decision to remove. *See* Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993). Here, defendant's removal finds no support in the well pleaded complaint rule. The Court's order of remand should include plaintiff

9

Dybes' costs, expenses, and attorney fees. *See* Garcia v. Amfels, Inc., 254 F.3d 585 (5th Cir. 2001) (affirming district court's award to plaintiffs of fees and costs incurred as a result of defendant's removal, where defendant's federal preemption defense (under the Longshore and Harbor Worker's Compensation Act) did not create federal subject matter jurisdiction); In re Wal-Mart Employee Litigation, 271 F.Supp.2d 1080 (E.D. Wis. 2003) (awarding fees and costs under § 1447(c) where complaint alleged only state law violations and where defendant based removal on "extremely slender reed" of references to Fair Labor Standards Act in plaintiffs' reply brief); Township of Whitehall v. Allentown Auto Auction, 966 F. Supp. 385, 386 (E.D. Pa. 1997) (holding plaintiff entitled to expenses incurred as result of defendant's removal, where "lack of jurisdiction is plain in law and would have been revealed to counsel for the defendant with a minimum of research"). *Compare* Gattegno v. Sprint Corp., 297 F. Supp. 2d 372, 378 (D. Mass. 2003) (denying request for costs and attorney's fees where defendants had "reasonable basis" for removing case); Santiago v. Barre National, Inc., 795 F. Supp. 508, 513 (D. Mass. 1992) (request for costs, fees, expenses, denied where defendant's removal claim was "colorable"); East Coast Steel Erectors, *supra* (motion for fees and costs denied where "defendants' attempted removal appears to have been in good faith in view of the complexity of the legal questions presented").

## CONCLUSION

Plaintiff Dybes chose to bring his claim in state court, both because he believed it likely that the claim could be resolved more quickly there, and because the Commonwealth's wage statute provides for the recovery of treble damages and

attorney fees. In the latter respect, Dybes' choice resembles that of the plaintiff in Lingle, *supra*. Delta/Beckwith's removal was improper, as its asserted defense did not provide subject matter jurisdiction to this Court. The Court should issue an order of remand, including an award of plaintiff's costs, fees, and expenses, so that Mr. Dybes may have his claim adjudicated in the forum of his choice.

Respectfully submitted,

FRANCIS E. DYBES AND
OTHERS SIMILARLY SITUATED

By his Counsel,

Paul F. Kelly, Esq. BBO#267000
Michael J. Doheny, Esq. BBO#644476
Segal, Roitman & Coleman
11 Beacon Street, Suite 500
Boston, MA 02108
617-742-0208

Dated: September 10, 2004

## Certificate of Service

I hereby certify that a true copy of the foregoing Plaintiff's Supplemental Memorandum Regarding Subject Matter Jurisdiction was served upon Patricia M. Sabalis, Esq., Downs, Rachlin & Martin, 199 Main Street, P.O. Box 190, Burlington, VT 05402, counsel for Defendant, by first class mail this 10th day of September, 2004.

Michael J. Doheny

PFK/3002/03401/Supplemental Memo.doc