UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANCIS E. DYBES,                )
    Plaintiff,               )
                                 )
        v.                     )          C.A. No. 04-10076-MLW
                                 )
DELTA ELEVATOR SERVICES          )
CORP.,                           )
    Defendant.               )

MEMORANDUM AND ORDER

WOLF, D.J.                                        September 17, 2004

For the reasons summarized in court on September 15, 2004 and amplified below, this case was not properly removed from the Courts of the Commonwealth of Massachusetts and, therefore, must be remanded. In essence, based on the information in the uncontradicted Complaint and the Collective Bargaining Agreement ("CBA") to which it refers, this case is not materially different than Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987).

Defendant Delta Elevator Services Corporation ("Delta") removed this case from the Roxbury District Court of the Commonwealth of Massachusetts based solely on alleged federal question jurisdiction. It has moved to have the case dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), because the state law cause of action plaintiff Francis Dybes asserts is allegedly preempted by §301 of the Labor Management Relations Act, 29 U.S.C. § 185 et seq. (the "LMRA"), and by §8 of the National Labor Relations Act, 29 U.S.C. §158 (the "NLRA"). Plaintiff Francis Dybes opposes the motion to dismiss and requests

that the case be remanded to the state court.

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted, the court must accept the allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). Undisputed documents alleged or referenced in a complaint may be considered in ruling on a motion to dismiss. See Bedall v. State Street Bank and Trust Company, 137 F.3d 12, 17 (1st Cir. 1998). With regard to Rule 12(b)(6), "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Miranda v. Ponce Fed'l Bank, 948 F.3d 41, 44 (1st Cir. 1991).

Generally, a movant may introduce affidavits to support a motion to dismiss, pursuant to Rule 12(b)(1), based on an alleged lack of subject matter jurisdiction. See Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002). However, with regard to removal in LMRA and NLRA cases, "[t]he presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392 (quoting Gully v. First National Bank, 299 U.S. 109, 112, 113 (1936)). A

case may not be removed to federal court on the basis of a defense of federal preemption. Id. at 398; Franchise Tax Board of California v. Construction Laborers Vacation Trust, 463 U.S. 1, 12 (1983).

The Complaint and the CBA, whose undisputed terms it references, indicate the following. Dybes has worked for Delta for more than thirty years. Prior to 2002, Dybes received holiday pay for working on Columbus Day "pursuant to an agreement between the parties." Complaint ¶5. In 2002, he and certain other Delta employees were not paid for working on Columbus Day. The CBA in Article VI, Par. 2 states:

> [E]ach local may retain established unpaid holidays already agreed upon by past procedures or observed by local building trades councils or declared by State or National Governments.

Viewed in the light most favorable to Dybes, this suggests that certain employees were entitled to receive holiday pay for Columbus Day prior to the CBA and the CBA did not purport to remove their right to continue to receive such pay. In 2002, the collective bargaining representative for Dybes and certain other Delta employees initiated arbitration which resulted in an order that Delta provide Dybes and those similarly situated holiday pay for Columbus Day 2002.  To the extent that the arbitrator's award may be considered because it is referenced in the complaint, it suggests that the arbitrator found that prior to the CBA Dybes had an agreement that provided for the payment to him of holiday pay

for Columbus Day.[1]  Delta has not submitted an affidavit or any other evidence indicating that the CBA was in existence prior to Dybes' employment more than thirty years ago.

In 2003, Delta again did not provide Dybes and other employees holiday pay for Columbus Day. After receiving authorization from the Attorney General, Dybes filed this case in the Roxbury District Court. He seeks to recover treble damages, costs and attorneys' fees for himself and others similarly situated solely under Massachusetts state law, M.G.L. c. 149, §148, "pursuant to agreements between Defendant and those employees." Complaint ¶10.

Delta timely removed the case to federal court. As indicated earlier, the removal was based solely on federal question jurisdiction. Delta contends that Dybes' claims are preempted by §301 of the LMRA and by §8 of the NLRA.

However, "§301 says nothing about the content or validity of individual employment contracts." Caterpillar, 482 U.S. at 394. "[A] plaintiff covered by a collective bargaining agreement is permitted to assert legal rights independent of that agreement, including state-law contract rights, so long as the contract relied upon is not a collective-bargaining agreement." Id. at 396. This is what Dybes' does in his Complaint. Delta can argue in state court that the purported independent agreement is preempted by the LMRA

---

[1]This arbitrator's award is not essential to the court's analysis, but is consistent with it.

or NLRA. <u>Id.</u> at 397-98. However, "[t]he fact that a defendant might ultimately prove that a plaintiff' claims are preempted . . . does not establish that they are removable to federal court." <u>Id.</u> at 398.

Delta attempts to distinguish the instant case from <u>Caterpillar</u> by asserting that in <u>Caterpillar</u> the plaintiffs' alleged independent contracts existed prior to the collective bargaining agreement on which the defendant was relying. Delta is correct that <u>Caterpillar</u> involved an alleged preexisting agreement. <u>Id.</u> at 388, 397.

However, accepting the allegation in the complaint as true and drawing all reasonable inferences in favor of plaintiff, Dybes also alleges that prior to the CBA he had an independent agreement with Delta that provided for holiday pay for Columbus Day and the CBA expressly allows the perpetuation of that agreement. As indicated earlier, Delta has not submitted an affidavit or any other evidence to contradict this contention. In view of the "well-pleaded complaint rule" it is doubtful that any such affidavit could be properly considered. In any event, it does not appear from the uncontradicted Complaint and CBA that this case is factually distinguishable from <u>Caterpillar</u>.

Moreover, it has at times been found that promises made while employees were covered by a collective bargaining agreement are independent within the meaning of <u>Caterpillar</u>. See <u>Trans Penn Way</u>

5

Corporation v. McCandless, 50 F.3d 217, 220, 231 n.13 (holding that
case was properly remanded after dismissal of federal RICO claim
and stating that the Third Circuit has not indicated that any claim
arising while an individual is subject to a collective bargaining
agreement is preempted by §301); Hernandez v. Conriv Realty
Associates, 116 F.3d 35, 39-40 (2d Cir. 1997). However, because the
Complaint in this case adequately alleges a preexisting independent
agreement, it is not necessary to decide whether an alleged
independent agreement reached while an employee was subject to a
collective bargaining agreement is covered by the Caterpillar
doctrine.[2]

In view of the foregoing, the removal of this case was
improper. Therefore, it must be remanded. However, as requested by
Delta, the court is staying the remand until October 1, 2004 to
permit Delta to appeal and seek a further stay from the First
Circuit.

Accordingly, it is hereby ORDERED that:

---

[2]This case is distinguishable from this court's August 19,
1999 decision finding preemption and proper removal in Sullivan
v. Raytheon Company, C.A. No. 98-12395. Sullivan involved the
Massachusetts workmen's compensation law, M.G.L. c. 152, §75B.
That statute states, in part, that "in the event that any right
set forth in this section is inconsistent with an applicable
collective bargaining agreement, such agreement shall prevail."
Thus, the state statute expressly required interpretation of any
relevant collective bargaining agreement. The First Circuit had,
therefore, held that claims under M.G.L. c. 152, §75B are
preempted by §301 of the LMRA. The August 19, 1999 decision in
Sullivan is, by separate Order, being made part of the record of
this case.

1.    Delta's Motion to Dismiss (Docket No. 3) is DENIED.

2.    This case shall, on October 2, 2004, be remanded to the Roxbury District Court of the Commonwealth of Massachusetts unless the Court of Appeals for the First Circuit issues a stay of this Order.


                              _/s/ MARK L. WOLF_____
                              UNITED STATES DISTRICT JUDGE