UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCIS E. DYBES, AND ) <br> OTHERS SIMILARLY SITUATED, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DELTA ELEVATOR SERVICE ) <br> CORPORATION d/b/a ) <br> DELTA/BECKWITH ELEVATOR ) <br> COMPANY, ) <br> ) <br> Defendant. ) | C.A. No. 04 CV 10076 MLW |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S
## MOTION TO RECONSIDER ORDER TO REMAND

### I.   INTRODUCTION

Plaintiff Francis E. Dybes opposes Defendant Delta Elevator Services Corporation's Motion to Reconsider the Court's Order to Remand because Defendant has failed to raise valid grounds for reconsideration. The Court correctly denied Defendant's Motion to Dismiss on the ground that the case was improperly removed from state court. The Court's remand was proper, pursuant to 28 U.S.C. § 1447, because it lacked federal jurisdiction.

### II.   STATEMENT OF CASE

Plaintiff filed a Complaint in Roxbury District Court of the Commonwealth of Massachusetts on December 22, 2003, alleging that Defendant violated Massachusetts' non-payment of wages statute, G.L. c. 149 § 150, for failing to pay Plaintiff (and other similarly situated) holiday pay for Columbus Day, 2003. On January 12, 2004, Defendant removed

the case to federal court, alleging federal jurisdiction under Section 301 of the Labor Management Relations Act ("LMRA"). Subsequently, Defendant moved to dismiss the action on grounds that Plaintiff's claim is pre-empted by either Section 301 of the LMRA or by Section 8 of the National Labor Relations Act ("NLRA"). In its September 17, 2004 Memorandum and Order ("Order"), the Court denied Defendant's motion to dismiss on the ground that the case was not properly before the federal court. Defendant has moved the Court to reconsider its decision.

## III. ARGUMENT

Defendant's motion should be denied because it neglected to provide any legitimate grounds for reconsideration. Specifically, (1) under the "well-pleaded complaint rule," the appropriate rule to apply in reviewing this matter, Defendant cannot challenge any allegations made in the Complaint; (2) Defendant's attempt at distinguishing Caterpillar from the instant case failed; and (3) despite Defendant's claims, an employee covered by a collective bargaining agreement can recover under a state non-payment of wages statute.

### A. Defendant's Reliance on *BWI Deceived* for the Legal Standard to Apply in Reviewing the Appropriateness of Removal is Erroneous; the Court Applied the Correct Legal Standard.

Defendant erroneously relied on the legal standard applied in BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America, 132 F.3d 824, 831 (1st Cir. 1997) (the "artful pleading doctrine" rather than the "well-pleaded complaint rule") for determining the appropriateness of removal to federal court. Accordingly, any attempt by Defendant to challenge the allegation in the Complaint that Plaintiff had an agreement with the Defendant regarding holiday pay for Columbus Day should not be permitted.

2

The Court, in its Order, correctly cited Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) for the general rule that "with regard to removal in LMRA and NLRA cases, '[t]he presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Order at 2 (citing Caterpillar, 482 U.S. at 392 (quoting Gully v. First Nat'l Bank, 299 U.S. 109, 112, 113 (1936)). This "rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." 482 U.S. at 392 (citing The Fair v. Kohler Die and Specialty Co., 228 U.S. 22, 25 (1913) ("[o]f course, the party who brings a suit is master to decide what law he will rely upon")).

While it is true that the Court can apply the "artful pleading doctrine" as an exception to the general "well-pleaded complaint rule" to justify removal, it can do so *only* if Plaintiff's claim is subject to complete preemption. BIW Deceived, 132 F.3d at 831. "A state law claim is completely preempted by the LMRA when it necessarily requires the court to *interpret* an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." Dahl v. Rosenfeld, 316 F.3d 1074, 1077 (9th Cir. 2003) (internal quotations and citation omitted) (emphasis added). As the Court correctly recognized in its Order, that is not the case here. Order at 4-6.

As further discussed infra, the Complaint in this case alleges that Defendant made an individual promise to Plaintiff (and other similarly situated employees) *over and above* the promises contained in the collective bargaining agreement. Arbitrator O'Brien *already* interpreted the relevant collective bargaining agreements and individual agreements between Plaintiff Dybes and other employees and determined that Dybes and some of the other

3

employees were entitled to holiday pay for Columbus Day. Thus, the existence of the agreement between Defendant and Plaintiff does not require an interpretation of the collective bargaining agreement. Even Defendant's defense that the enforcement of an individual agreement is inconsistent with the collective bargaining agreement does not require interpretation of the collective bargaining agreement because Arbitrator O'Brien *already* definitely construed the collective bargaining agreement against Defendant. Regardless, as the Court properly noted in its Order, a case cannot be removed to federal court on the basis of a federal defense, even if that defense is federal preemption. See Order at 2-3; see also Balkorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000) ("[I]t is 'settled law that a case may not be removed to federal court on the basis of a federal defense, including a defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties conceded that the federal defense is the only question truly at issue.'") (quoting Franchise Tax Bd. of Cal. V. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)).

Defendant's position relies on the application of the "artful pleading doctrine." A predicate to the doctrine's application is complete preemption and the necessity to interpret the collective bargaining agreement. Neither is present here. Therefore, the Motion to Reconsider should be denied.

**B. Defendant's Attempt at Distinguishing <u>Caterpillar</u> from this Case Failed; the Court Correctly Found that this Case Was 'Not Materially Different' from <u>Caterpillar</u>.**

Defendant unpersuasively sought to distinguish <u>Caterpillar</u> from this case in an attempt to invoke the "artful pleading doctrine" exception to the "well-pleaded complaint rule."

4

Defendant averred that Caterpillar is distinguishable from this case because the employees in Caterpillar maintained individual contracts with the employer that *preexisted* the collective bargaining agreement. Mot. to Reconsider at 4-5, 7. Yet, Defendant itself conceded that the Complaint here alleges that Plaintiff had an agreement with the Defendant *prior to* the collective bargaining agreement in question. Mot. to Reconsider at 4-5. Moreover, the agreements in Caterpillar, as the agreement here, were extra contractual, that is to say they were not part of the collective bargaining agreement. As the Supreme Court stated, "a plaintiff covered by a collective-bargaining agreement is permitted to assert legal rights *independent* of that agreement including state law contract rights so long as the contract relied upon is not a collective-bargaining agreement." 483 U.S. at 396 (emphasis in original) (citation omitted).

Accordingly, the existence of extra-contractual agreements in Caterpillar and the instant case along with Defendant's own admission belie Defendant's position that Caterpillar is materially different from this case. The Court was correct, once again, when it found Caterpillar "not materially different" from the instant case. Order at 1.

### C. A State Non-Payment of Wage Claim Can Exist Irrespective of the Existence of a Collective Bargaining Agreement.

The real issue raised by Defendant in its motion seems to be whether an employee who is covered by a collective bargaining agreement can recover under a state law non-payment of wage statute. Defendant would have Section 301 preempt workers' state law rights.

The law is clear that as long as an interpretation of a collective bargaining agreement is not required, a plaintiff is permitted to bring a state law non-payment of wage claim. See Balkorta, 208 F.3d at 1110 (Section 301 of the LMRA did not preempt state wage payment

5

statute where no interpretation of collective bargaining agreement was required); cf. Hawaiian Airlines, Inc., 512 U.S. 246, 266 (1994) (Railway Labor Act did not preempt state-law tort actions, which were based on the state's public policy and its whistle-blower statute, where those claims did not require interpretation of the collective bargaining agreement).

In Balkorta, the court held that Section 301 of the LMRA did not completely preempt a state wage claim made by an employee against an employer under a California wage law requiring payment of an employee within 24-hours after discharge. 208 F.3d at 1108, 1110. To support its holding, the court stated:

> It is true that the collective bargaining agreement contains a paragraph that sets forth time requirements governing the payment of wages after discharge. We need not decide whether the collective bargaining agreement's provision governing the payment of wages is ambiguous and requires interpretation, however, because § 201.5 of the Labor Code governs the timeliness of payment following discharge. Accordingly, whether a violation has occurred is controlled only by the provisions of the state statute and does not turn on whether the payment was timely under the provisions of the collective bargaining agreement.... The measure of timeliness under § 201.5 could not be more plain: once an employee covered by the law is discharged, state law requires payment 'within 24 hours.' On its face, § 201.5 requires nothing more than a clock or a calendar to determine the timeliness of Fox's payment-- *the law does not require us even to refer to the collective bargaining agreement, let alone interpret it* .

Id. at 1110-111 (citation and footnote omitted) (emphasis added). The court explained that "in the context of § 301 complete preemption, the term 'interpret' is defined narrowly -- it means something more than to 'consider,' 'refer to,' or 'apply.'" Id. at 1108. Accordingly, the court found that the case had been improperly removed from federal to state court. Id. at 1112.

Nothing in Plaintiff's state non-payment of wage claim, like the state wage claim in Balkorta, requires the Court to interpret any provisions a collective bargaining agreement. Plaintiff's entitlement to holiday pay for Columbus Day is grounded in an extra-contractual

agreement – not a collective bargaining agreement. Moreover, Arbitrator O'Brien has *already* interpreted the relevant collective bargaining agreements and individual agreements between Plaintiff (and similarly situated employees) and the Company, finding that Plaintiff and some of his co-workers were owed holiday pay for Columbus Day. Thus, Defendant's reliance on Sullivan v. Raytheon Co., 262 F.3d 41 (1st Cir 2001) (Mot. to Reconsider at 8) for Section 301 preemption, which involved the interpretation of a collective bargaining agreement, is misplaced.

As such, a plaintiff, although covered by a collective bargaining agreement, can recover under a state non-payment of wages statute so long as interpretation of a collective bargaining agreement is not required, which is precisely the case here.

## IV.   CONCLUSION AND ATTORNEYS FEES

For the foregoing reasons, Plaintiff respectfully requests this Court to deny Defendant's Motion to Reconsider Order to Remand, enforce its September 27, 2004 order, and remand this case to state court. Should this Court deny Defendant's motion and remand this case to state court, Plaintiff further requests the award of attorneys' fees and costs incurred as a result of the removal, pursuant to 28 U.S.C. § 1447(c). See Balkorta, 208 F.3d at 1112 (upholding district court's award of attorney's fees to plaintiff whose state wage claim was not preempted by Section 301 of the LMRA and, therefore, improperly removed from state to federal court).

7

       Respectfully submitted,

       FRANCIS E. DYBES
       AND OTHERS SIMILARLY
       SITUATED

       By their attorneys,

       _____
       Paul F. Kelly, Esq., BBO #267000
       Michael J. Doheny, Esq., BBO #644476
       **SEGAL, ROITMAN & COLEMAN**
       11 Beacon Street, Suite 500
       Boston, MA  02108
       (617) 742-0208

Dated: October 12, 2004

## Certificate of Service

I hereby certify that a true copy of the foregoing Plaintiff's Opposition to Defendant's Motion to Reconsider was served upon Patricia M. Sabalis, Esq., Downs, Rachlin & Martin, 199 Main Street, P.O. Box 190, Burlington, VT 05402, counsel for Defendant, by first class mail this 12th day of October, 2004.

_____
Paul F. Kelly

L:/PKelly/3002/2003/Columbus Day/Opp. To Mtn. to Reconsider.doc