# SEGAL, ROITMAN & COLEMAN

DONALD J. SIEGEL
PAUL F. KELLY
IRA SILLS
MARY THOMAS SULLIVAN*
SHELLEY B. KROLL
BURTON E. ROSENTHAL
ANNE R. SILLS
KATHRYN S. SHEA
INDIRA TALWANI**
ELIZABETH ARIENTI SLOANE
MICHAEL J. DOHENY
STEPHANIE R. PRATT
GREGORY A. GEIMAN
RACHEL E. ROSENBLOOM

COUNSELLORS AT LAW
11 BEACON STREET
SUITE 500
BOSTON, MASSACHUSETTS 02108

ROBERT M. SEGAL (1915-1999)

OF COUNSEL
RICHARD W. COLEMAN
HAROLD B. ROITMAN
DANIEL B. GOLDSTEIN
JOSEPH P. McKENNA, Jr.
PAUL S. HOROVITZ

*Also Admitted to the New Hampshire Bar

**Also Admitted to the California Bar

October 28, 2004

Dennis O'Leary, Deputy Clerk
U.S. District Court for the
District of Massachusetts
1 Courthouse Way, Suite 2300
Boston, MA 02222

Re: **Francis E. Dybes, et al. v. Delta Elevator Service d/b/a Delta Beckwith Elevator Company**,
C.A. No. 04 CV 10076 MLW

Dear Mr. O'Leary:

Enclosed please find a copy of a decision that relates to the pending Motion for Reconsideration in the above-referenced matter. The decision, from the Massachusetts Appeals Court, issued yesterday.

A copy of this letter has been sent to counsel for the defendant.

Very truly yours,

Michael J. Doheny

MJD/sg

Enclosure

cc: Patricia M. Sabalis, Esq.
Michael Langer, Business Manager

PFK/3002/03401/O'Leary4.doc

TEL: (617) 742-0208 • FAX: (617) 742-2187

NOTICE: The slip opinions and orders posted on this Website are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. This preliminary material will be removed from the Website once the advance sheets of the Official Reports are published. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, Room 1407, Boston, MA 02108; (617) 557-1030; clifford.allen@sjc.state.ma.us

Christopher NEWTON vs. COMMISSIONER OF THE DEPARTMENT OF YOUTH SERVICES & others [FN1] (and a companion case [FN2]).

Nos. 03-P-374, 03-P-375.

June 10, 2004. - October 27, 2004.

Present: Laurence, Porada, & Trainor, JJ.

*Contract*, Collective bargaining contract. *Labor*, Collective bargaining, Failure to pay wages, Overtime compensation, Public employment, Wages. *Words*, "Mechanics, laborers, or workmen," "Penal and charitable institution."

Civil actions commenced in the Superior Court Department on February 15 and February 19, 2002.

Motions to dismiss were heard by *Ernest B. Murphy*, J.

*Paul Holtzman* for Christopher Newton & another.

*Matthew Q. Berge* for Commissioner of the Department of Youth Services & others.

PORADA, J.

The plaintiffs, Robert Long and Christopher Newton, respectively the facility director and assistant facility director of a youth forestry camp operated by the Department of Youth Services (DYS), brought suit against their employer, DYS, in the Superior Court to recover overtime, call-back, and stand-by pay they claim due to them. For purposes of these appeals, the relevant portions of their complaints include the claims for the failure to pay overtime compensation in violation of G.L. c. 149, § 30B, and G.L. c. 149, § 148 (count four) [FN3]; for the failure to pay call-back and stand-by pay in violation of G.L. c. 149, § 148 (count five); and for their superiors' interference with their right to claim overtime compensation under G.L. c. 151, § 1A, in violation of G.L. c. 151, § 19 (count six).

The defendants filed motions to dismiss the complaints pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974). A Superior Court judge allowed the motions on the grounds that the plaintiffs were required to exhaust their claims for compensation under the grievance and arbitration procedure provided by their collective bargaining agreement and the court was without jurisdiction to hear their claims for a violation of G.L. c. 151, § 19, because it was a matter to be initially determined by the Massachusetts Labor Commission. On appeal, the plaintiffs press only their claims for violations of G.L. c. 149, § 148, and G.L. c. 151, § 19. We reverse the dismissal of the claims based on a violation of G.L. c. 149, § 148, but affirm the dismissal of the counts based on a violation of G.L. c. 151, § 19. [FN4]

1. *Violation of G.L. c. 149, § 148.* The plaintiffs argue that the motion judge erred in dismissing their claims based on a violation of the prompt payment of wages law, [FN5] because their right to overtime, call-back, and stand-by pay is based on a personal, nonwaivable statutory right that

they are free to enforce judicially notwithstanding that their entitlement to this compensation is addressed in a collective bargaining agreement. See *Rooney v. Yarmouth,* 410 Mass. 485, 492 (1991) (acknowledging that there are certain "personal, substantive, nonwaivable statutory guarantee[s]" that an employee need not submit to arbitration). See also *Barrentine v. Arkansas-Best Freight Sys.,* 450 U.S. 728, 739-746 (1981) (right to minimum pay and overtime pay under the Fair Labor Standards Act is a personal, nonwaivable statutory guaranty that an employee can enforce judicially even though those subjects are covered by a collective bargaining agreement). The purpose of G.L. c. 149, § 148, is to prevent the evil of the "unreasonable detention of wages [by employers]." *Boston Police Patrolmen's Assoc., Inc.,* v. *Boston,* 435 Mass. 718, 720 (2002). As such, it bestows upon individual workers the right to recover not only their lost wages, but also treble damages, reasonable attorney's fees, and costs. G.L. c. 148, § 150. While an individual may waive the requirements of the statute by a writing, the record does not disclose that the plaintiffs did so. Nor does their collective bargaining agreement include any reference to G.L. c. 148, § 149, or to the time when wages must be paid.

Nevertheless, the plaintiffs' collective bargaining agreement provides for overtime, call-back, and stand-by pay and allows them to file a grievance or seek alternate dispute resolution relating to the interpretation and application of the terms of the agreement. It is well-recognized that where a collective bargaining agreement exists and the subject matter of the dispute is encompassed therein, public policy favors the resolution of the dispute between an employee and employer within the framework of the grievance and arbitration procedures. See *Local No. 1710, Intl. Assoc. of Fire Fighters, AFL-CIO v. Chicopee,* 430 Mass. 417, 421-422 (1999). See also *Azzi v. Western Elec. Co.,* 19 Mass.App.Ct. 406, 410 (1985) ("To permit employees to circumvent existing grievance and arbitration procedures, by bringing actions against their employers in the first instance, does not strike us as a commendable practice"). Nonetheless, it is also well-established that there are certain personal, statutory rights that can be enforced judicially even though they are incorporated into a collective bargaining agreement. *Rooney v. Yarmouth,* 410 Mass. at 492. See *DaLuz v. Department of Correction,* 434 Mass. 40, 46- 47 (2001). The mere fact that those rights may be created both by contract and by statute and may be violated by the same factual occurrence does not vitiate their distinct and separate nature. See *O'Brien v. Agawam,* 350 F.3d 279, 284-285 (1st Cir.2003) (police officers were not required to exhaust the grievance and arbitration procedures in their collective bargaining agreement before bringing an action in the district court to collect overtime compensation under the Fair Labor Standards Act).

In this case, we agree with the plaintiffs that the right to timely payment of wages is a distinct, independent statutory right that can be enforced judicially even though the subject matter of overtime, call-back, and stand-by pay is incorporated in the plaintiffs' collective agreement. Cf. *Livadas v. Bradshaw,* 512 U.S. 107, 123-125 (1994) (employee's rights under a California statute requiring timely payment of wages are independent from rights under collective bargaining agreement). The statutory right to the timely payment of wages does not involve the collective rights of employees but, rather, is designed to insure that each individual is paid promptly the wages due him or her. Cf. *School Comm. of Brockton v. Massachusetts Commn. Against Discrimination,* 377 Mass. 392, 399 (1979) (right to equal employment opportunities under G.L. c. 151B, § 4, is an independent statutory right that cannot be bargained away by a union or employer); *Blanchette v. School Comm. of Westwood,* 427 Mass. 176, 180-181 (1998) (employee not barred from pursuing an action for retaliation pursuant to G.L. c. 151B, § 4(4), even though she had proceeded to arbitration on the same facts pursuant to a collective bargaining agreement).

The personal nature of this right is underscored by the provision of redress not only in the form of recovery of lost wages, but also treble the amount of the loss, reasonable attorney's fees, and costs. See *Barrentine v. Arkansas-Best Freight Sys.,* 450 U.S. at 743-745 (in determining that the right to a minimum wage and overtime pay under the Fair Labor Standards Act may be enforced judicially notwithstanding those subjects were encompassed in a collective bargaining agreement, the Supreme Court relied in part on the limited authority and power of an arbitrator