```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

FRANCIS E. DYBES,              )
     Plaintiff,                )
                               )
          v.                   )   C.A. No. 04-10076-MLW
                               )
DELTA ELEVATOR SERVICES        )
CORP.,                         )
     Defendant.                )
```

                        MEMORANDUM AND ORDER

WOLF, D.J.                                        February 7, 2005

    After a hearing on September 15, 2004, in a September 17, 2004 Memorandum and Order (Docket No. 18), this court denied Defendant Delta Elevator Services Corporation's ("Delta") motion to dismiss (Docket No. 3) and remanded plaintiff's case to state court because it found that the case was materially indistinguishable from Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987). In essence, this court found that plaintiff Francis E. Dybes' claim under M.G.L.A. c. 149 §148 (the "Wage Act") was not pre-empted by §301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and, therefore, that the court lacked subject matter jurisdiction to hear the case.

    On September 29, 2004, Delta filed a motion for reconsideration (Docket No. 19). Although Delta did not label its motion to reconsider as arising under any particular Federal Rule of Civil Procedure, the First Circuit has held that, "regardless of how it is characterized, a post-judgment motion . . . that questions the correctness of a judgment is properly construed as

a motion to alter or amend judgement under Fed. R. Civ. P. 59(e)." Aybar v. Crispin Reyes, 118 F.3d 10, 14 n. 3 (1st Cir. 1997); see also Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 390 (1st Cir. 1994).

"Rule 59(e) motions are aimed at reconsideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued." Federal Deposit Insurance Corporation v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992) (internal citation and quotations omitted). "Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." Id.

"According to Rule 59(e) . . . a party may ask the Court 'to amend its judgment based on newly discovered material evidence or because the Court committed a manifest error of law or fact.'" Reyes Canada v. Rey Hernandez, 224 F.R.D. 46, 48 (D. P.R. 2004) (quoting Colon v. Fraticelli, 181 F.Supp.2d 48, 50 (D. P.R. 2002)). "A motion for reconsideration should be granted only if the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." Id. "A further basis for a motion for reconsideration is a significant change in the law or facts since the submission of the issue . . . Such problems rarely arise; therefore, the motion for reconsideration should be [] rare." Id.

Delta's motion for reconsideration does not raise any new arguments which were not considered before the judgment issued. See Federal Deposit Insurance Corporation, 978 F.2d at 16. On the contrary, Delta's motion contends that Dybes' complaint does not allege that his agreement regarding holiday wages pre-dated the collective bargaining agreement ("CBA") and, therefore, that the agreement arose under the CBA and Dybes' rights under it are pre-empted by §301 of the LMRA.

The court directly addressed this argument in its September 17, 2004 decision. Moreover, the Massachusetts Appeals Court's recent decision in Newton v. Commissioner of the Department of Youth Services, 2004 WL 2383354 (Mass. App. Ct. 2004) confirms the court's decision to remand. Newton held that the Wage Act "does not involve the collective rights of employees but, rather, is designed to insure that each individual is paid promptly the wages due him or her." 2004 WL 2383354 at *1. "[T]he right to timely payment of wages is a distinct, independent statutory right that can be enforced judicially even though the subject matter . . . is incorporated in the plaintiff's collective agreement." Id. As such, Dybes' claim under the Wage Act may present an independent state-law claim even if the right to holiday pay was incorporated into the CBA. See Trans Penn Wax Corporation v. McCandless, 50 F.3d 217, 220, 231 n.13 (3rd Cir. 1995).

Delta also argues that Dybes' complaint reveals a colorable

question of federal law because the underlying nature of plaintiff's claim is arguably an unfair labor practice. Delta has already presented this argument to the court in its submissions relating to its motion to dismiss and, although not addressed in the September 17, 2004 Memorandum and Order, the court considered it in denying Delta's motion and remanding the case.

    Accordingly, it is hereby ORDERED that Delta's motion for reconsideration (Docket No. 19) is DENIED.

 

                                                                       _____
                                                                       UNITED STATES DISTRICT JUDGE